UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **GREGORY DAVIS** <br> DOC # 635030 | : | **DOCKET NO. 18-cv-91** <br> **SECTION P** |
| **VERSUS** | : | **JUDGE FOOTE** |
| **JOHN LEWIS, ET AL.** | : | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is the civil rights complaint [doc. 1] and Motion to Appoint Counsel [doc. 3] filed by Gregory Davis, who is proceeding *pro se* and *in forma pauperis* in this matter. Davis is currently incarcerated at Caldwell Correctional Center in Grayson, Louisiana. His claims relate to events that occurred while he was at Bayou Dorcheat Correctional Center ("BDCC") in Minden, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that Davis's Motion to Appoint Counsel [doc. 3] be **DENIED** and that his complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**
**BACKGROUND**

Davis states that he was jailed at BDCC after being arrested in May 2017 for kidnapping. Doc. 1, p. 3. He complains that BDCC warden John Lewis placed him on administrative segregation that month and told him that the placement was made pursuant to a no-contact order,

-1-

but failed to produce one despite Davis's requests. *Id.* Davis alleges that a detective assigned to his case informed him on June 1, 2017, that there was no such order, and that he was allowed to contact and be visited by the alleged victim in his case, whom he identifies as his girlfriend. *Id.* However, Davis maintains, John Lewis insisted that he was not coming out of administrative segregation until he was sentenced and that he remained in segregation until September 2017.[1] *Id.*; *see* doc. 1, att. 2. Davis also alleges that, during booking at BDCC, Deputy Jeff Lewis threatened to harm Davis once he had the chance to get him off camera. Doc. 1, p. 3.

Davis initiated this suit after his transfer to Caldwell Correctional Center, naming John Lewis, Jeff Lewis, and the Webster Parish Sheriff's Department as defendants. *Id.* at 1–4. In relief, he requests that both individual defendants be fired from the Webster Parish Sheriff's Department and that he be awarded $8 million in compensation. *Id.* at 4.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Davis has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be

---

[1] In his complaint, Davis alleges that an "Inmate Lawyer" told him in June 2017 that he was placed in administrative segregation at the behest of the victim's father. Doc. 1, p. 3. In a grievance form completed by Davis in September 2017, he asserted that the victim's father worked at the jail and was "using his position and friendship with [the] warden" to keep Davis in administrative segregation. Doc. 1, att. 2.

granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 1. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Accordingly, in order to state a claim under this statute, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### 2. Application

#### a. Improper party

Davis names the Webster Parish Sheriff's Department as a party to this suit. According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, Davis cannot maintain a claim against the Webster Parish Sheriff's Department. Such claims, at any rate, would appear to derive from the incurably deficient causes of action below, and so no amendment is required to name a proper party.

### b. *Requested relief*

As part of his request for relief, Davis seeks to have John Lewis and Jeff Lewis fired. "[F]ederal courts are not personnel directors of state prison systems, and such relief is unattainable in [a § 1983] action." *Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638 at *2 (N.D. Tex. Nov. 4, 2009) (citing *Maxton v. Johnson*, 488 F.Supp. 1030, 1032 n. 2 (D.S.C. 1980)). Additionally, Davis is no longer housed at BDCC. It is well settled that a prisoner's claims for injunctive relief are rendered moot upon his transfer from that facility. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Accordingly, any other form of injunctive relief he might request based on conditions at BDCC would be inappropriate.

### c. *Administrative segregation*

In order to state a constitutional claim based on his placement in administrative segregation, a prisoner must show that the confinement was sufficiently atypical to implicate a due process liberty interest. *Hernandez v. Velasquez*, 522 F.3d 556, 562–63 (5th Cir. 2008). Solitary confinement is typically viewed as an ordinary, expected, and permissible incident of prison life, though it may be used in a way that "imposes atypical and significant hardship." *Id.*; *Pichardo v. Kinker*, 73 F.3d 612, 612–13 (5th Cir. 1996). The Fifth Circuit has recently suggested a duration of two and a half years as a sort of threshold for atypicality, "such that 18–19 months of segregation under even the most isolated of conditions may not implicate a liberty interest." *Bailey v. Fisher*, 647 Fed. App'x 472, 476–77 (5th Cir. 2016) (unpublished) (citing *Wilkerson v. Goodwin*, 774 F.3d 845, 854–55 (5th Cir. 2014)).

Davis's allegations show confinement of roughly four months. Accordingly, even if he were to amend and describe the restrictiveness of the conditions, his time in administrative

segregation would not satisfy the standards in this circuit for a constitutional claim based on that placement.

### d. Retaliation

Davis alleges that his initial administrative segregation placement and its continuation are due to the influence of the victim's father. Supra, note 1. To the extent that he might intend to raise a claim of retaliation with these allegations, he also falls short. To state a claim under § 1983 for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). Davis does not allege that his attempt to exercise any constitutional right preceded his initial placement in administrative segregation or the extension thereof, and it is clear that any animus on the part of the warden or the victim's father would instead be based on personal relationships. Accordingly, Davis cannot satisfy the first two elements of a retaliation claim.

### e. Threats of violence

Davis also raises a claim against a verbal threat allegedly made by defendant Jeff Lewis. "[M]ere threatening language or gestures of a custodial officer do not, even if true, amount to constitutional violations." *Robertson v. City of Plano, Tex.*, 70 F.3d 21, 24 (5th Cir. 1995) (alteration omitted); *see Hines v. Cain*, 2007 WL 891880 at *4 (E.D. La. Mar. 20, 2007) (collecting cases); *see also Hudson v. Univ. of Tex. Medical Branch*, 441 Fed. App'x 291, 292–93 (5th Cir. 2011) (finding that mere threats fail to support a claim of retaliation). Accordingly, no matter how menacing Deputy Jeff Lewis's alleged language was, Davis cannot show a right to relief based on their encounter.

### B. *Motion to Appoint Counsel*

In a § 1983 case, the trial court has discretion to appoint counsel for an indigent plaintiff if doing so would advance the proper administration of justice. *Branch v. Cole*, 686 F.2d 264, 266–67 (5th Cir. 1982). The court should consider the following factors in ruling on such a request: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence will consist of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) whether appointed counsel would aid in the efficient and equitable disposition of the case. *Whitehead v. Eastland Cty., Tex.*, 58 F.3d 635 (5th Cir. 1995). Here Davis fails to state any claim on which relief may be granted. Accordingly, no assistance of counsel is warranted because the major deficiencies cited above are incurable and it is recommended that this case not proceed past initial review.

### III.
#### CONCLUSION

Generally, a district court errs if it dismisses a pro se litigant's complaint without first granting him the opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Such opportunity is not required, however, if the plaintiff has already stated his best case. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009); *see Goldsmith v. Hood Cty. Jail*, 299 Fed. App'x 422, 423 (5th Cir. 2008) (unpublished) (affirming district court's dismissal of pro se complaint when litigant failed to "explain what facts he would have added or how he would have overcome the deficiencies found . . . if he had been granted an opportunity to amend.") Here no additional allegations or other refinement of the complaint could cure the deficiencies that prevent Davis from showing a constitutional violation based on the defendants' actions.

Accordingly, for reasons stated above, **IT IS RECOMMENDED** that the Motion to Appoint Counsel [doc. 3] be **DENIED** and that Davis's complaint be **DISMISSED WITH PREJUDICE** pursuant to § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of March, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE